The STATE of Ohio, Appellee,

v.

PASQUALONE, Appellant.

[Cite as *State v. Pasqualone* (2000), 140 Ohio App.3d 650.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 99–A–0044.

Decided Sept. 18, 2000.

652

*Thomas L. Sartini,* Ashtabula County Prosecuting Attorney, and *Rebecca K. Bleckert,* Assistant Prosecuting Attorney, for appellee.

*Thomas A. Pasqualone, pro se.*

CHRISTLEY, Judge.

This appeal is taken from the Ashtabula County Court of Common Pleas. Appellant, Thomas A. Pasqualone, appeals from the trial court's order denying his motion to vacate payment of court costs.

On October 15, 1996, while under the influence of alcohol, appellant struck and killed a bicyclist with his truck in Geneva, Ohio. On November 5, 1996, appellant was indicted by a grand jury on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A). Subsequently, a jury convicted appellant of aggravated vehicular homicide and also found that he was under the influence of alcohol at the time of the fatal collision. On May 14, 1997, the trial court sentenced appellant to a definite term of imprisonment of five years, permanently revoked his driver's license, and assessed court costs to him.[1] A judgment entry dated May 16, 1997 reflected the sentence imposed by the trial court.

Appellant instituted an appeal of his conviction and sentence to this court. We affirmed the judgment of the trial court and upheld his conviction in *State v. Pasqualone* (Mar. 31, 1999), Ashtabula App. No. 97–A–0034, unreported, 1999 WL 262174. With regard to appellant's argument in the above-mentioned case that it was error for the trial court to overrule his motion for funds to hire an expert witness, we recognized that the trial court denied this motion because it did not find appellant to be indigent. *Pasqualone*, 1999 WL 262174, at * 4. Furthermore, we acknowledged that the trial court did not abuse its discretion when it found that appellant was not indigent reasoning:

" * * * [a]ppellant failed to present sufficient evidence to the court to persuade it that appellant was in fact indigent or indigent to the level where he was unable to afford the cost of expert witnesses. Specifically, appellant did not properly support his claim of indigency with a final disclosure statement or other information sufficient to address the issue. * * *

" * * * Without this information, the court is unable to determine whether appellant had any assets which could have been used to pay for expert witnesses, irrespective of the fact that he was no longer working." (Footnote omitted.) *Id.*

Appellant, however, *never* specifically challenged the trial court's order requiring him to pay court costs in connection with his criminal trial.

While his appeal was still pending in this court, appellant filed a *pro se* petition for post-conviction relief with the trial court on October 27, 1997. However, on April 28, 1998, the trial court denied his petition, and no appeal was taken.

---

1. No fine was imposed on appellant by the trial court.

On May 14, 1998, appellant filed a second *pro se* petition for post-conviction relief with the trial court. Again, the trial court overruled his petition on July 1, 1998. From this judgment, appellant filed a *pro se* notice of appeal and brief with this court. In *State v. Pasqualone* (Sept. 30, 1999), Ashtabula App. No. 98–A–0074, unreported, 1999 WL 960767, we affirmed the judgment of the trial court.

We note that back on July 21, 1997, prior to the resolution of his first appeal, appellant filed a *pro se* motion to vacate the order requiring payment of court costs, fines and/or restitution. This motion was overruled by the trial court on August 21, 1997.[2] No appeal was taken from this decision. Nevertheless, a second motion to vacate costs was submitted by appellant on June 16, 1999 in which he maintained that he was indigent and without funds to pay the court costs in connection to his criminal trial. Again, the trial court overruled appellant's motion. From this judgment appellant instituted this appeal and asserts two assignment of error for our consideration:

"[1.] The trial court erred and abused its discretion when it denied the motion to vacate court costs.

"[2.] Imposition of court costs violates appellant's rights under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution."

Before we may address the merits of appellant's assignments of error, we must first determine whether the appealed judgment is in fact a final appealable order subject to review by this court.

 Under Ohio law, an appellate court may review only the final orders of inferior courts within its district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02 and 2505.03. The term "final order" is defined within R.C. 2505.02 where three categories of final orders exist: (1) those that affect a substantial right, determine an action, and prevent a judgment, (2) those that affect a substantial right and are made in a special proceeding or on a summary application after judgment, and (3) those that set aside a judgment and grant a new trial.[3] *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 87–88, 541 N.E.2d 64, 67. Only the first two categories of orders are relevant in the instant matter.

---

2. It may be argued that the trial court's decision was void because at the time appellant filed his first motion to vacate costs, his appeal was pending with this court, and there was no remand to the trial court. Nevertheless, there was no attempt to amend the jurisdiction of the trial court, and no appeal was taken from this judgment.

3. It should be recognized that R.C. 2505.02 is applicable to both criminal and civil proceedings. See *State v. Crago* (1990), 53 Ohio St.3d 243, 244–245, 559 N.E.2d 1353, 1355.

██ Under the first category, an order must affect a substantial right, determine the action, and prevent a judgment before it may be considered a final appealable order. R.C. 2505.02. If an order fails to satisfy any of these three criteria, it is not final. *Stewart v. Midwestern Indemn. Co.* (1989) 45 Ohio St.3d 124, 126, 543 N.E.2d 1200, 1202. Under the second category of R.C. 2505.02, an order is final if it is made in a special proceeding and affects a substantial right. A "special proceeding" is an action created by statute and not recognized at common law or in equity. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 107, 616 N.E.2d 213, 217–218. R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."

 It is well settled that civil and criminal proceedings require a final appealable order before there can be a basis for an appeal, "*i.e.*, an order which amounts to a disposition of the cause and which affects a substantial right in an action which in effect determines the action and prevents a judgment." (Citations omitted.) *State v. Shinkle* (1986), 27 Ohio App.3d 54, 55, 27 OBR 57, 58, 499 N.E.2d 402, 404. In a criminal case, "a final judgment or order amounting to a disposition of the cause usually means the imposition of a sentence." *Shinkle* at 55, 27 OBR at 58–59, 499 N.E.2d at 404, citing *State v. Eberhardt* (1978), 56 Ohio App.2d 193, 10 O.O.3d 197, 381 N.E.2d 1357, and *State v. Janney* (1977), 55 Ohio App.2d 257, 9 O.O.3d 393, 380 N.E.2d 753. Clearly, the judgment and sentence imposed upon appellant in May 1997 was a disposition of the cause amounting to a final appealable order. Such an appeal was taken by appellant to this court where we reaffirmed his conviction. *State v. Pasqualone* (Mar. 31, 1999), Ashtabula App. No. 97–A–0034, unreported, 1999 WL 262174.

██ In contrast, "post-conviction relief arising after the substantial rights of a defendant have been determined is not ordinarily considered a disposition of the cause." (Citation omitted.) *State v. McGlone* (Dec. 19, 1995), Scioto App. No. 95CA2354, unreported, 1995 WL 752452 at * 2. Thus, an imposition of sentence is a disposition of a case that affects a substantial right, whereas post-conviction relief arises after the substantial rights of a defendant have been determined. Further, this court has recognized:

"If there is no final judgment or other type of final order, then there is no reviewable decision over which an appellate court can exercise jurisdiction, and the matter must be dismissed." *BCGS, L.L.C. v. Raab* (July 17, 1998), Lake App. No. 98–L–041, unreported, 1998 WL 552984, at * 1.

██ The issue of whether a trial court's denial of a motion to vacate costs is a final appealable order has been previously decided by two other Ohio appellate courts. The Third Appellate District in *State v. Arnett* (Feb. 22, 1996), Shelby

App. No. 17–95–25, unreported, 1996 WL 106999, was faced with nearly identical facts as in this instant matter. There, defendant-appellant pled guilty to two misdemeanor charges. The trial court accepted his plea, sentenced him to a prison term, and fined him $500 for each offense, plus costs. Defendant did not appeal the court's judgment of sentence but instead filed a motion to have his fines vacated. The trial court denied his motion, and as a result, defendant-appellant appealed from this judgment. Relying on *Shinkle*, the Third District held that the trial court's denial of defendant's motion to vacate fines and costs was not a final appealable order and, thus, dismissed his appeal.

In *McGlone*, a jury found defendant-appellant guilty of certain criminal charges, and he was sentenced accordingly. An appeal was instituted, but the Fourth Appellate District affirmed the conviction. Thereafter, a motion to vacate payment of court costs and fines was filed but the trial court denied this motion. Defendant, unaware of the court's judgment, filed a motion to withdraw his former motion to vacate payment and then filed a motion to suspend further execution of fines on the basis that he was subjected to excessive fines and costs without a hearing on his ability to pay. The trial court denied the motion, and he appealed from this decision.

The Fourth Appellate District observed that by appealing the denial of his motion to suspend further execution of his fines, appellant was arguing that his sentencing was improper because the trial court failed to hold a hearing to determine whether appellant was indigent. *Id.* at * 2. Again, relying on *Shinkle*, the court found "*[i]f appellant's right to an indigency hearing was violated, it was violated when appellant was sentenced * * *.*" (Emphasis added.) *Id.* at * 2, citing *Shinkle*, 27 Ohio App.3d at 56, 27 OBR at 59, 499 N.E.2d at 404–405. Thus, defendant's motion to suspend further execution of fines was not a final appealable order because "[i]t [did] not affect a substantial right, nor [did] it determine the action or prevent a judgment. See R.C. 2505.02; *State v. Shinkle*, 27 Ohio App.3d at [55, 27 OBR at 58–59, 499 N.E.2d at 404]." *McGlone* at * 2. Having found no final appealable order, the court dismissed the appeal for lack of jurisdiction.

In the instant matter, appellant is appealing the denial of his second motion to vacate costs. The record shows that appellant was sentenced on May 14, 1997. Appellant instituted an appeal from his conviction, and this court upheld his conviction. Then in the middle of that process, on July 21, 1997, appellant filed a motion to vacate payment of court costs, which was denied by the trial court. A second motion to vacate payment of court costs was filed by appellant on June 16, 1999. Again, the trial court denied this motion.

It is evident from the record that appellant is attempting to attack his sentence collaterally by appealing the denial of his motion to vacate payment of

court costs. Appellant contends that his sentencing was improper because the trial court did not hold any type of inquiry or hearing in order to determine his ability to pay court costs.[4] Simply stated, appellant is challenging his original sentence and the trial court's failure to hold an indigency hearing before imposing the order requiring him to pay court costs in connection to his criminal trial. Although it may be argued that appellant's substantial rights are being affected, these substantial rights existed on direct appeal. In other words, "[i]f appellant's right to an indigency hearing was violated, it was violated when appellant was sentenced" in May 1997. *McGlone* at * 2, citing *Shinkle*, 27 Ohio App.3d at 56, 27 OBR at 59, 499 N.E.2d at 404–405. Thus, appellant should have raised the issue of the lack of an indigency hearing in his original appeal to this court. *Arnett*; *McGlone* at * 2.

Based on the foregoing, we conclude that the judgment of the trial court denying appellant's motion to vacate costs is not a final appealable order under R.C. 2505.02, and accordingly, we dismiss appellant's appeal for want of jurisdiction.

██ Even if we assume *arguendo* that the trial court's decision to deny appellant's motion to vacate costs is a final appealable order, appellant's claim is still barred by the doctrine of *res judicata.*

As previously mentioned, the error appellant assigns arises from the trial court's sentencing entry, which imposed court costs obligation. It has been recognized by numerous Ohio courts that payment of court costs could have been raised in appellant's appeal to an appellate court:

"[C]osts issue[s] could have been raised in [the] direct appeal to this court. Consequently, the foregoing assignments of error are barred by the doctrine of *res judicata* and, therefore, they are overruled." (Footnote omitted.) *State v. Hudnall* (Dec. 19, 1997), Marion App. No. 9–97–65, unreported, 1997 WL 783482 at * 1. See, also, *State v. Rivers* (Aug. 25, 1999), Summit App. No. 19033,

---

4. We recognize that a distinction exists between the imposition of fines and court costs:

"In both criminal and civil cases, costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are fines." *Strattman v. Studt* (1969), 20 Ohio St.2d 95, 102, 49 O.O.2d 428, 432, 253 N.E.2d 749, 754.

In this present matter, the trial court imposed court costs, not fines, against appellant. We also note that R.C. 2947.23 commands that "[i]n all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Even if the trial court was required to consider appellant's ability to pay court costs, "Ohio law does not forbid a trial court from imposing court costs on an indigent defendant convicted of a felony." (Citations omitted.) *State v. Payne* (Dec. 20, 1999), Delaware App. Nos. 99CAA05024, 99CAA05025, 99CAA05026, 99CAA05027, and 99CAA05028, unreported, 2000 WL 1405 at * 3.

unreported, 1999 WL 642918; *State v. Costa* (Sept. 3, 1999), Greene App. No. 99CA0014, unreported, 1999 WL 957647 at * 1.

Although appellant could have raised the issue of payment of court costs in his appeal to this court, he failed to do so. Consequently, the doctrine of *res judicata* bars appellant from raising this issue now.

■ Next, we address appellant's claim that the application of *res judicata* would constitute a manifest injustice. Specifically, appellant maintains that because the issue of payment of court costs was not raised in his appeal, the application of *res judicata* would constitute a manifest injustice.

Although appellant initially perfected a timely appeal of his conviction and sentence through counsel, that appeal was dismissed for want of prosecution. *State v. Pasqualone* (Mar. 31, 1999), Ashtabula App. No. 97–A–0034, unreported, 1999 WL 262174, at * 3. Subsequently, this court granted an App.R. 26(B) application for reopening on the grounds of ineffective assistance of appellate counsel and appointed new counsel to represent appellant. *Id.* With the assistance of a newly appointed counsel, appellant had a second opportunity to raise the issue of payment of court costs but failed to seize upon it. There was no injustice. Appellant is properly barred by *res judicata* from raising this issue now.

As for appellant's second assignment of error, he maintains that his rights under the Equal Protection Clause were violated in that he was denied the benefit granted to an indigent defendant through R.C. 2949.19 when the trial court refused to acknowledge his indigency. In other words, appellant maintains that the structure of R.C. 2949.19 violates the Equal Protection Clause. We reject appellant's argument for two reasons.

■ First, since appellant did not raise this constitutional argument at the trial court level, he may not assert it for the first time on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus (holding that failure to raise the issue of the constitutionality of a statute or its application is a waiver of such issue). Accordingly, we find that appellant waived review of this issue by failing to raise it at the trial court level.

■ Second, appellant's constitutional argument could have been raised on appeal of his conviction and sentence to this court. His failure to do so is fatal in that he is barred by *res judicata* from raising this issue now. Accordingly, appellant's second assignment of error is not well taken.

Based on the foregoing analysis, appellant's assignments of error are not well taken. Accordingly, we dismiss the appeal for lack of a final appealable order.

*Appeal dismissed.*

FORD, P.J., and MILLIGAN, J., concur.

JOHN R. MILLIGAN, J., retired, of the Fifth Appellate District, sitting by assignment.