This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Randall Fields has appealed from an order of the Wayne County Court of Common Pleas that denied his motion to vacate court costs and fines and for the return of funds already collected. This Court affirms.
{¶ 2} On October 15, 1999, a jury found Appellant guilty of one count of rape, in violation of R.C. 2907.02(A)(2), and one count of kidnapping, in violation of R.C. 2905.01(A)(1). The court then sentenced Appellant to ten years imprisonment on each count, to be served consecutively. In its journal entry of sentence, the court taxed the costs to Appellant. Appellant perfected an appeal to this Court, and we affirmed the judgment of the trial court. State v. Fields (Aug. 9, 2000), 9th Dist. No. 99CA0062, appeal not allowed (2000),90 Ohio St.3d 1489.
{¶ 3} On December 24, 2001, Appellant filed a motion in the trial court to vacate court costs and fines and for the return of funds already collected. In his motion, Appellant argued that funds were improperly being withdrawn from his institutional account to satisfy his obligation to pay the costs of the prosecution. The state filed a memorandum in opposition to the motion, and the trial court subsequently entered an order denying Appellant's motion. Appellant has appealed from this order, asserting one assignment of error.
 Assignment of Error {¶ 4} "TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTION TO VACATE COURT COSTS AND FINES AND FOR THE RETURN OF FUNDS ALREADY COLLECTED PURSUANT TO [R.C. 2949.092] AND THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION, [SECTION 9, ARTICLE I] OF THE OHIO CONSTITUTION."
{¶ 5} In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion 1) to vacate the obligation to pay costs imposed upon him at sentencing, and 2) to return any such costs already collected. Appellant has contended that he is indigent and is therefore exempt from the obligation to pay costs.
{¶ 6} It is well established under Ohio law that challenges to sentencing errors, including the imposition of court costs, must be made on direct appeal. Appellant could have raised the issue of costs in his previous appeal to this Court, but did not. Thus, he is barred by the doctrine of res judicata from asserting the issue in the instant case.State v. Pasqualone (2000), 140 Ohio App.3d 650, 657-658; State v.Rivers (Aug. 25, 1999), 9th Dist. No. 19033, at 2; Kachermeyer v.Tolson, 10th Dist. No. 01AP-1186, 2002-Ohio-2092, at ¶ 26. Therefore, the trial court did not err in denying Appellant's motion.
{¶ 7} Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J., CARR, J. CONCUR.