DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Rex Robinson, guilty and sentenced him to a term of imprisonment. For the reasons stated herein, this court affirms, in part, and reverses, in part, the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. Appellant was indicted on September 17, 2001, on one count of aggravated robbery in violation of R.C. 2911.02(A)(1) as the result of the theft of a woman's purse and the use of a knife to facilitate his escape. On September 21, 2001, appellant entered a not guilty plea.
 {¶ 3} The case proceeded to trial on January 14, 2002. On January 15, 2002, the jury returned a guilty verdict on the aggravated robbery charge. On February 8, 2002, the trial court sentenced appellant to term of three years in prison. Appellant filed a timely notice of appeal.
 {¶ 4} Appellant sets forth the following two assignments of error:
 {¶ 5} "First Assignment of Error
 {¶ 6} "The Defendant-Appellant Was Denied a Fair Trial, When the Trial Court Permitted the Jury to Ask Questions.
 {¶ 7} "Second Assignment of Error
 {¶ 8} "The Trial Court Erred When it Ordered the Defendant-Appellant to Pay Court-Appointed Attorney Fees and Court Costs."
 {¶ 9} In his first assignment of error, appellant argues that the trial court erred in allowing the jurors to ask questions of the witnesses. This court finds no merit in this assignment of error.
 {¶ 10} In this case, the trial court informed the jurors at the start of the trial that they would be permitted to ask questions of any of the witnesses. The judge explained that after counsel had finished questioning a witness, each juror would submit a piece of paper to the bailiff. Any juror with a question was to write it on the paper; any juror without a question was to so indicate in writing on the paper. The papers were collected and counsel and the court met at sidebar to discuss the admissibility of each question; those questions that were deemed admissible were asked of the witness by the judge. Counsel were then permitted to ask follow-up questions. At appellant's trial, the jurors had questions for some of the witnesses. Some of the questions were determined not in conformance with the Ohio Rules of Evidence and were not asked; other questions were asked of the witnesses.
 {¶ 11} Appellant asserts that questioning by jurors is inherently prejudicial and violates a defendant's rights to due process and a fair trial. When the jurors are permitted to ask questions, appellant argues, they are no longer neutral fact finders but assume the position of advocates.
 {¶ 12} The Supreme Court of Ohio has not ruled on this issue, although the question is currently pending before that court in State v.Fisher (2002), 94 Ohio St.3d 1484. This court, however, considered and ruled on this issue in State v. Noser (Dec. 7, 2001), Lucas App. No. L-00-1154, appeal denied 95 Ohio St.3d 1459, and State v. Wilson, 6th Dist. No. L-01-1196, 2002 Ohio 5920, discretionary appeal allowed in part, 2003 Ohio 904. On authority of these cases, we find that the trial court did not err in allowing the jurors to ask questions of the witnesses.
 {¶ 13} Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 14} In his second assignment of error, appellant argues that the trial court erred when it ordered appellant to pay for his court-appointed attorney and the court costs. This court finds some merit in this assignment of error.
 {¶ 15} R.C. 2941.51 addresses the payment of court-appointed counsel. This section provides that the county must reimburse a court-appointed attorney for any fees and expenses that the trial court approves. R.C. 2941.51(D) states that the represented defendant must reimburse the county for the expenses of a court-appointed attorney if that person "has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to him * * *." In this case, appellant argues that the trial court erred in ordering him to pay the cost of his court-appointed counsel without first determining whether appellant had the ability to pay.
 {¶ 16} This court has held that such a means determination must be had before counsel fees may be assessed. State v. Brown (Nov. 19, 1999), Lucas App. No. L-97-1332; State v. Hill (Mar. 2, 2001), Lucas App. No. L-00-1211; State v. Willis (Mar. 2, 2001), Lucas App. No. L-00-1041. No such determination appears on the record. Thus, this court finds that the trial court erred in ordering appellant to pay the cost of his court-appointed counsel without first determining whether appellant had the ability to pay.
 {¶ 17} However, as noted by the appellate court in State v.Pasqualone (2000), 140 Ohio App.3d 650, 657, Fn. 4, discretionary appeal not allowed, (1999), 86 Ohio St.3d 1438:
 {¶ 18} "* * * `In both criminal and civil cases, costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are fines.' (Citation omitted.)
 {¶ 19} "* * * We also note that R.C. 2947.23 commands that `[i]n all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs.' * * * (Citations omitted.)"
 {¶ 20} Unlike the statutory provisions governing fines and court-appointed attorney fees, R.C. 2947.23 does not require a trial court to consider a defendant's ability to pay the costs of prosecution. Based upon the plain language of the foregoing statute, we conclude that the trial court did not err in assessing the costs of prosecution against appellant.
 {¶ 21} Accordingly, appellant's second assignment of error is found well-taken to the extent that the trial court erred in ordering appellant to pay the cost of his court-appointed counsel without first determining whether appellant had the ability to pay.
 {¶ 22} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This court vacates the order in regard to the court-appointed attorney fees and remands this matter to the trial court for further consideration consistent with this decision. Costs to appellee.
 {¶ 23} Because our decision is in conflict with the judgment of the First District Court of Appeals in State v. Gilden (2001),144 Ohio App.3d 69, on the issue of whether a trial court abuses its discretion when it permits jurors to ask questions of witnesses, we certify the record to the Supreme Court of Ohio for review and final determination on that issue. The parties are directed to S.Ct.Prac.R. IV for guidance.
Judgment affirmed, in part, and reversed, in part.
Judith Ann Lanzinger, J. and Arlene Singer, J. concur.