DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which sentenced appellant, Leander Jones, to a term of incarceration. For the reasons stated herein, this court affirms, in part, and reverses, in part, the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. Appellant was indicted on August 20, 2001, on five counts: two counts of rape in violation of R.C. 2907.02(A)(2); one count of aggravated robbery in violation of R.C. 2911.01(A)(3); one count of felonious assault in violation of R.C. 2903.11(A)(1); and one count of aggravated burglary in violation of R.C. 2911.11(A)(1).
 {¶ 3} The case proceeded to trial on February 4, 2002. On February 5, 2002, the jury returned guilty verdicts on all of the counts as charged. On February 8, 2002, appellant was sentenced to a term of ten years for each count of rape; ten years on the aggravated robbery count; seven years on the felonious assault count; and eight years on the aggravated burglary count. The trial court ordered that the sentences be served consecutively. The trial court ordered that appellant pay any restitution, all prosecution costs and any fees permitted pursuant to R.C. 2929.18(A)(4). Appellant filed a timely notice of appeal.
 {¶ 4} Appellant sets forth the following assignment of error:
 {¶ 5} "The Trial Court Erred When It Ordered the Defendant-Appellant to Pay an Unspecified, Unsubstantiated Sum of Restitution, Court Costs, and Other Unspecified Costs."
 {¶ 6} In this assignment of error, appellant argues that the trial court erred when it ordered appellant to pay an unspecified amount of restitution, the costs of prosecution and any fees permitted by R.C.2929.18(A)(4). This court finds some merit in this assignment of error.
 {¶ 7} R.C. 2929.18(A) governs a sentencing court's authority to order restitution. This section provides that a trial court imposing a sentence for a felony conviction may sentence the offender to any financial sanction or combination of financial sanctions authorized by law. R.C. 2929.18(A)(1) permits a trial court to order an offender to pay restitution to the victim of the offender's crime "in an amount based on the victim's economic loss." Moreover, the court must engage in a "due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." State v. Marbury (1995),104 Ohio App.3d 179, 181. The amount of the restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty. State v.Gears (1999), 135 Ohio App.3d 297, 300. The trial court does not need to conduct a hearing to ascertain the reasonableness of the restitution if there is enough evidence in the record to substantiate the relationship of the offender's criminal conduct with the amount of the victim's loss.State v. Brumback (1996), 109 Ohio App.3d 65, 83. The trial court is to determine the amount of restitution at the sentencing hearing. R.C.2929.18(A)(1). In the case sub judice, the trial court simply ordered restitution without any specification. This does not comply with the statute's directives. It is necessary that the trial court determine the amount of restitution and order that specific amount. State v. Stevens
(September. 21, 1998), 12 App. No. CA98-01-001.
 {¶ 8} In regard to appellant's claim regarding costs of prosecution, as noted by the appellate court in State v. Pasqualone
(2000), 140 Ohio App.3d 650, 657, Fn. 4, discretionary appeal not allowed, (1999), 86 Ohio St.3d 1438:
 {¶ 9} "*** `In both criminal and civil cases, costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are fines.' (Citation omitted.)
 {¶ 10} "*** We also note that R.C. 2947.23 commands that '[i]n all criminal cases, *** the judge *** shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs.' *** (Citations omitted.)"
 {¶ 11} Thus, based upon the plain language of the foregoing statute, the trial court shall assess the costs of prosecution against a defendant. Therefore, we conclude that the trial court did not err in assessing the costs of prosecution against appellant.
 {¶ 12} Accordingly, appellant's assignment of error is found well-taken to the extent that the trial court erred in ordering appellant to pay restitution without specifying an amount.
 {¶ 13} The judgment of the Lucas County Court of Common Pleas as to the imposition of restitution is reversed and vacated. This cause is remanded to that court to permit the court to ascertain an appropriate award of restitution. Appellee is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
Pietrykowski and Singer, JJ., concur.