OPINION
{¶ 1} This appeal is taken from a final judgment of the Geauga County Court of Common Pleas. Appellant, Edward Huckabee, appeals from the trial court's denial of his motion to vacate the mandatory fines and court costs imposed following his conviction on several drug related offenses.
 {¶ 2} On June 30, 1999, a jury found appellant guilty of three counts of trafficking in cocaine, one count of trafficking in crack cocaine, and two counts of possessing criminal tools. Following the return of the jury's verdict, the trial court sentenced appellant to an aggregate term of sixteen years in prison and ordered him to pay nearly $30,000 in mandatory fines, restitution, and court costs.
 {¶ 3} Appellant perfected an appeal to this court challenging his convictions. Although he submitted several assignments of error for our review, appellant did not take exception to the trial court's imposition of financial sanctions. After considering appellant's arguments, we affirmed the judgment of the trial court. State v. Huckabee (Mar. 9, 2001), 11th Dist. No. 99-G-2252, 2001 WL 253048.
 {¶ 4} On June 13, 2001, appellant filed a pro se motion to vacate the portion of his sentence ordering him to pay the mandatory fines and court costs. The trial court denied appellant's motion to vacate, and this court dismissed appellant's subsequent appeal because there was no final appealable order.
 {¶ 5} Nevertheless, on March 28, 2002, appellant submitted a motion asking the trial court to vacate the balance of his financial obligation. Appellant argued that the judgment partially had been satisfied through various forfeitures and that it was no longer equitable for the judgment to have prospective application. The trial court issued a written judgment entry on April 1, 2002, in which it concluded that appellant was not entitled to relief because he failed to raise "anything in [this] motion that he [had] not previously raised in prior motions."
 {¶ 6} From this decision, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the trial court abused its discretion in denying his motion for relief from judgment.
 {¶ 7} This court previously has held that a trial court's judgment denying a post-conviction motion to vacate the payment of costs is not a final appealable order because it does not affect a substantial right, determine the action, or prevent a judgment. State v. Pasqualone (2000),140 Ohio App.3d 650, 657. See, also, State v. Fields (Oct. 16, 2002), 9th Dist. No. 02CA0004, 2002 WL 313133233, at ¶ 6; State v. Kuttie
(Mar. 8, 2002), 7th Dist. No. 01-528-CA, 2002 WL 374116, at 2-3. Accordingly, we do not have jurisdiction to consider appellant's appeal.
 {¶ 8} However, even if the trial court's decision to deny appellant's motion for relief from judgment were a final appealable order, appellant's claim would still be barred by res judicata. As we noted earlier, appellant failed to challenge the portion of the trial court's judgment ordering him to pay the mandatory fines and costs associated with his convictions. Instead, appellant is attempting to attack his sentence collaterally by contesting the imposition of financial sanctions. Although appellant could have raised this issue in his direct appeal, he failed to do so. Consequently, the doctrine of res judicata bars appellant from raising this issue now. Pasqualone at 658;Fields at ¶ 6.
 {¶ 9} Pursuant to the foregoing analysis, appellant's sole assignment of error has no merit, and this appeal is, sua sponte, dismissed for lack of a final appealable order.
DIANE V. GRENDELL and CYNTHIA WESTCOTT RICE, JJ., concur.