OPINION
{¶ 1} Appellant, the state of Ohio, appeals the judgment of the Ashtabula County Court of Common Pleas. The trial court granted a motion of appellee, Karen L. May, to vacate an order requiring her to pay court costs.
 {¶ 2} May was charged with driving under the influence in violation of R.C. 4511.19(A) and 4511.19(A)(4)(a). In July 1999, May withdrew her plea of not guilty and entered a plea of no contest. In July 1999, May was convicted of one count of driving under the influence, in violation of R.C. 4511.19.
 {¶ 3} On November 4, 1999, the trial court sentenced May to a two-year term of community control. The community control provisions included serving sixty days in jail, serving ninety days of intensive supervision, and paying a $750 fine. In addition, the trial court ordered May to pay the costs of the prosecution.
 {¶ 4} On March 1, 2001, May filed a motion to be released from probation. In a judgment entry dated April 16, 2001, the trial court noted that May had failed to pay $1,223.50 in fines and costs. The court indicated that the motion to be released from probation would be granted if the balance was paid by April 30, 2001, and, if not, the motion would be denied. On April 26, 2001, the trial court overruled May's motion, because she had failed to pay the $750 fine. However, the trial court vacated the order requiring May to pay court costs, because she was indigent at the time of her plea and sentencing. The trial court stated that its decision to vacate the costs was based on a recent opinion of this court. Presumably, this decision was State v. Heil (Mar. 30, 2001), 11th Dist. No. 2000-G-2268, 2001 Ohio App. LEXIS 1552.
 {¶ 5} The state has timely appealed the trial court's judgment entry vacating the order to pay court costs. The state raises the following assignment of error on appeal:
 {¶ 6} "The trial court committed reversible error when it vacated part of appellee's felony sentence."
 {¶ 7} As noted above, the trial court presumably based its decision to vacate May's costs on this court's decision in State v. Heil. The Supreme Court of Ohio has vacated this court's opinion in State v. Heil,
holding that there was not a final appealable order and the order was not proper.State v. Heil, 95 Ohio St.3d 531, 2002-Ohio-2841, at ¶ 2. The Supreme Court of Ohio did not state its reasons for finding that there was a lack of a final appealable order in Heil. However, this court has held that a trial court's denial of a motion to vacate costs is not a final appealable order. State v. Pasqualone (2000), 140 Ohio App.3d 650,657.
 {¶ 8} The granting of a motion to set aside court costs is a final appealable order. This is because it is an order that vacates a previous judgment. R.C. 2505.02. Accordingly, as this matter is properly before this court, we will proceed to the merits of the appeal.
 {¶ 9} The underlying question of this case is whether a trial court may impose court costs on an indigent defendant in a criminal case.
 {¶ 10} The imposition of court costs is addressed by R.C. 2947.23, which states, in part:
 {¶ 11} "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecutions and render a judgment against the defendant for such costs."
 {¶ 12} R.C. 2949.14 provides for the collection of court costs and states, in part:
 {¶ 13} "Upon conviction of a nonindigent person, for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid to the county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted."
 {¶ 14} In Pasqualone, this court did not reach the merits of appellant's argument regarding the trial court's judgment denying appellant's motion to vacate costs. Rather, this court dismissed the appeal due to the lack of a final appealable order. However, this court did note, in a footnote, that the Fifth Appellate District has held that a trial court was not prohibited from imposing court costs on an indigent defendant. State v. Pasqualone, 140 Ohio App.3d at 657, fn. 4, quotingState v. Payne (Dec. 20, 1999), 5th Dist. Nos. 99CAA05024, 99CAA05025, 99CAA05026, 99CAA05027, and 99CAA05028, 2000 WL 1405, at *3.
 {¶ 15} In State v. Young, the Fourth Appellate District held that court costs could not be imposed on an indigent person convicted of a felony. State v. Young (July 14, 2000), 4th Dist. No. 00CA02, 2000 Ohio App. LEXIS 3316.
 {¶ 16} However, several cases have held that indigent defendants are required to pay costs. State v. Morrison, 10th Dist. No. 02AP-651, 2003-Ohio-1517; State v. Flanagan, 12th Dist. No. CA2002-05-120, 2003-Ohio-1444; State v. Payne, supra; and State ex rel. Pless v.McMonagle (2000), 139 Ohio App.3d 503. These cases cite the language in R.C. 2947.23, that in all cases, the court shall order the defendant to pay costs. Id.
 {¶ 17} The Seventh Appellate District recently addressed the relation of R.C. 2947.23 and R.C. 2949.14. State v. Roux,154 Ohio App.3d 296, 2003-Ohio-4876. Therein, the court held:
 {¶ 18} "A distinction exists between ordering a defendant to pay costs and actually engaging in the collection of those costs. R.C. 2947.23
merely provides that the court include costs as part of a defendant's sentence and render judgment for those costs. This section makes no distinction between indigent and non-indigent defendants. In later attempting to collect the court imposed costs, the clerk must then follow R.C. 2949.14. Therefore, we hold that a trial court may order an indigent defendant to pay court costs as part of his sentence." Id. at ¶ 16.
 {¶ 19} Similarly, this court has recently adopted the following language from the Fifth Appellate District:
 {¶ 20} "`R.C. 2949.14 does not govern the court's ability to order costs. The statute is directed at the ability of the clerk of courts to collect the costs from the person convicted. While R.C. 2949.14 provides a collection mechanism only for non-indigent defendants, nothing in R.C.2947.23 prohibits the court from assessing costs to an indigent defendant as part of the sentence. In the event the indigent defendant at some point ceases to be indigent, the clerk could then collect costs pursuant to the procedure outlined in R.C. 2949.14. Ohio law does not prohibit a judge from including court costs as part of the sentence of an indigent defendant.'" State v. McDowell, 11th Dist. No. 2001-P-0149, 2003-Ohio-5352, at ¶ 57, quoting State v. White, 5th Dist. No. 02CA23, 2003-Ohio-2289, at ¶ 9.
 {¶ 21} We agree with these recent holdings.
 {¶ 22} Finally, a review of the purpose of court costs, set forth by the Supreme Court of Ohio and cited to by this court, is appropriate. "`In both criminal and civil cases, costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for the payment of court costs were not enacted to serve as a punitive, retributive, or rehabilitative, purpose, as are fines.'"State v. Pasqualone,140 Ohio App.3d at 657, fn. 4, quoting Strattman v. Studt (1969), 20 Ohio St.2d 95,102.
 {¶ 23} R.C. 2947.23, expressly states that the trial court "shall" include court costs as part of a defendant's sentence. In addition, R.C.2949.14 does not prohibit the imposition of court costs on an indigent defendant. Thus, the trial court erred by granting May's motion to vacate the order requiring her to pay court costs.
 {¶ 24} The state also argues that the State v. Heil holding should not have been applied retroactively and that the trial court erred by modifying May's sentence. Having held that trial court erred by vacating May's court costs, these two arguments are moot.
 {¶ 25} The state's assignment of error has merit.
 {¶ 26} The judgment of the trial court is reversed, and this matter is remanded to the trial court, in order for the trial court to reinstate the order assessing court costs.
Diane V. Grendell, J., concurs.
WILLIAM M. O'NEILL, J., dissents with dissenting opinion.