MEMORANDUM OPINION
{¶ 1} This matter is before this court on appeal from judgments of the Willoughby Municipal Court issued on November 2, 2007. In the judgments, the court denied appellant's motions to suspend costs.
 {¶ 2} On January 10, 2008, appellee, Village of Kirtland Hills, filed with this court a motion to dismiss the appeals for lack of a final appealable order.
 {¶ 3} No brief or response in opposition to the motion has been filed. *Page 2 
 {¶ 4} Appellee asserts in its motion that appellant never appealed the trial court's judgments of August 7, 2007, ordering appellant to pay fines and court costs as part of a negotiated plea agreement. Therefore, he cannot now appeal the August 7 orders by appealing the trial court's November 2, 2007 judgments denying his motion to suspend court costs. In addition, appellee asserts that an order denying a motion to suspend court costs simply is not a final appealable order pursuant to State v.Fatica, 11th Dist. No. 2002-G-2434, 2003-Ohio-4359 and State v.Spring (July 21, 2000), 11th Dist. Nos. 99-A-0028 and 99-A-0029, 2000 Ohio App. LEXIS 3286. See also, State v. Pasqualone (2000),140 Ohio App.3d 650.
 {¶ 5} For the following reasons, we agree with appellee.
 {¶ 6} The facts in this matter are as follows: under a negotiated plea agreement, appellant entered pleas of guilty to the charges of drug paraphernalia and drug abuse in Willoughby Municipal Case No. 07 CRB 2001. Pursuant to that agreement, the charges in Willoughby Municipal Case No. 07 TRD 4503 would be dismissed. On August 8, 2007, the trial court dismissed the charges in 07 TRD 4503 and entered a nolle prosequi on all three of the charges against appellant for failure to reinstate his license, and for the turn signal and safety belt violations. As part of that judgment, the trial court also ordered appellant to pay costs.
 {¶ 7} In Willoughby Municipal Case No. 07 CRB 2001, the charge of unlawful transaction in weapons was nolled, and appellant was found guilty to the drug abuse and drug paraphernalia charges. On August 8, 2007, the trial court ordered him to pay a fine on both charges in addition to court costs. *Page 3 
 {¶ 8} Appellant did not appeal from the August 8, 2007 judgments in either case. Instead, on August 8, 2007, appellant filed motions to suspend court costs. On November 2, 2008, the trial court denied both motions. It is from those judgments that appellant presently appeals to this court.
 {¶ 9} As appellee correctly asserts, the filing of a motion to suspend costs did not extend the time to file an appeal from the August 7, 2007 judgments ordering fines and court costs. Stated differently, appellant cannot collaterally attack the sentencing orders to pay fines and costs through an appeal from the denial of his motions. Appellant is out of time to now appeal the August 7, 2007 judgments, and since the denial of a motion to suspend costs does not affect a substantial right, the November 2, 2007 judgments are not final appealable orders.Fatica, supra.
 {¶ 10} Accordingly, appellee's motion to dismiss is granted, and the appeals are hereby dismissed for lack of a final appealable order.
 {¶ 11} Appeals dismissed.
 DIANE V. GRENDELL, P.J., concurs, COLLEEN MARY OTOOLE, J., dissents. *Page 1