OPINION *Page 2 
{¶ 1} Appellant Anthony Loyer appeals the decision of the Stark County Common Pleas Court to deny his motion to vacate judgment and set aside sentence.
 {¶ 2} On May 29, 2002, the Stark County Grand Jury indicted appellant on one count of aggravated murder with prior calculation and design and a firearm specification in violation of R.C. 2903.01. The charges arose from the shooting death of appellant's father, Steven Loyer.
 {¶ 3} Appellant pleaded not guilty and the case proceeded to trial. The jury found appellant guilty as charged. By judgment entry filed November 1, 2002, the trial court sentenced appellant to life in prison with parole eligibility after twenty years, and three years on the firearm specification, to be served consecutively. The trial court included in its sentencing entry the following language:
 {¶ 4} "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant pay the costs of this prosecution for which execution is hereby awarded."
 {¶ 5} Appellant appealed his sentence and conviction. In State v.Loyer, 5th App. No. 2002CA00397, 2003-Ohio-4041, this Court affirmed appellant's sentence and conviction.
 {¶ 6} On February 26, 2008, appellant filed a motion to vacate judgment and set aside sentence. The trial court denied this motion on February 28, 2008.
 {¶ 7} Appellant appeals this decision and raises one Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN AND PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION TO VACATE THE SENTENCE BECAUSE ANY ATTEMPT BY A COURT TO DISREGARD *Page 3 
STATUTORY REQUIREMENTS WHEN IMPOSING A SENTENCE RENDERS THE ATTEMPTED SENTENCE A NULLITY OR VOID.
 I. {¶ 9} Appellant contends his sentence is void because the trial court failed, pursuant to R.C. 2947.23, to inform him that he was to pay court costs, that he could make a payment plan to satisfy the judgment or could perform community service to satisfy the judgment and what the consequences of failing to satisfy the judgment were.
 {¶ 10} In this matter, the trial court imposed court costs against appellant. We note that R.C. 2947.23 states that "[i]n all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." "Ohio law does not forbid a trial court from imposing court costs on an indigent defendant convicted of a felony." State v. Pasqualone,140 Ohio App.3d 650, 657, 748 N.E.2d 1153, 1158, quoting, State v. Payne (Dec. 20, 1999), 5th App. Nos. 99CAA05024, 99CAA05025, 99CAA05026, 99CAA05027, and 99CAA05028, unreported. See also, State v. Threatt,108 Ohio St. 3d 277, 843 N.e.2d 164, 2006-Ohio-905.
 {¶ 11} Ohio courts have recognized that challenges of costs imposed at sentencing should be raised on direct appeal otherwise the issue is barred by the doctrine of res judicata. State v. Pasqualone, supra;State v. Hudnall (Dec. 19, 1997), 3rd App. No. 9-97-65, unreported;State v. Rivers (Aug. 25, 1999), 9th App. No. 19033, unreported;State v. Costa (Sept. 3, 1999), 2nd App. No. 99CA0014, unreported. Further, appellant could have made a motion to waive payment of costs at sentencing. *Page 4 
If an appellant fails raise the issue before the trial court, the issue is waived and the costs are res judicata. State v. Threatt, supra.
 {¶ 12} Appellant could have raised the issue of court costs before the trial court and in his direct appeal to this court in 2002. He failed to do so. The doctrine of res judicata bars appellant from raising this issue now.
 {¶ 13} Appellant's assignment of error is overruled.
 {¶ 14} The judgment of the Stark County Court of Common Pleas is affirmed.
 Delaney, J. Hoffman, P.J. and Gwin, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1