[Cite as *State v. Pettry*, 2014-Ohio-3099.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 14 CA 00002 |
| TRAVIS PETTRY | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 09 CR 0054 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 14, 2014 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JOSEPH FLAUTT<br>PROSECUTING ATTORNEY<br>111 North High Street<br>Post Office Box 569<br>New Lexington, Ohio 43764-0569 | STEVEN P. SCHNITTKE<br>SCHNITTKE & SMITH<br>114 South High Street<br>Post Office Box 536<br>New Lexington, Ohio 43764-0536 |

*Wise, J.*

**{¶1}** Defendant-Appellant Travis Pettry appeals the December 17, 2013, judgment entered in the Perry County Court of Common Pleas denying his motion to vacate, set aside or suspend court costs, fines and/or restitution.

**{¶2}** Plaintiff-Appellee State of Ohio has not filed a brief in this matter.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}** Appellant and Appellee agree on the following statements of the case as set forth by Appellant:

**{¶4}** On August 28, 2009, Appellant Travis Pettry was indicted on one (1) count of Aggravated Burglary, in violation of R.C. 2911.11(A)(1), with a gun specification, in violation of R.C. §2941.141 and §2941.145; one (1) count of Aggravated Burglary R.C. §2911.11(A)(2) with gun specifications, in violation of R.C. §2941.141 and R.C. §2941.145; two (2) counts of Aggravated Burglary, in violation of R.C. §2911.01(A)(1) with gun specifications, in violation of R.C. §2911.141 and R.C. §2941.145; all felonies of the first degree; and four (4) counts of Kidnapping, in violation of R.C. §2905.0l(A)(2), with gun specifications, in violation ofR.C. §2941.141 and R.C. §2941.145, felonies of the second degree.

**{¶5}** On January 21, 2010, Appellant entered a plea of Guilty to one count of Aggravated Burglary, one count of Aggravated Burglary and four counts of Kidnapping. The State of Ohio entered a Nolle Prosequi to one count of Aggravated Robbery, one count of Aggravated Burglary and all gun specifications.

**{¶6}** On January 20, 2010, Appellant was sentenced to a definite term of three (3) years for one count of Aggravated Burglary, three (3) years for one count of

Aggravated Burglary to be served consecutively with the sentence imposed for Aggravated Burglary and two (2) years on each count of Kidnapping to be served consecutively with each other with the sentences imposed for Aggravated Burglary and Aggravated Robbery. All together Appellant was sentenced to an aggregate term of fourteen (14) years.

{¶7}    Appellant was given credit for 140 days served in jail. Additionally, this sentence was ordered to be served consecutively with Case No. 2009-0175 and Case No. 2009-181, Common Pleas Court, Muskingum County, Ohio.

{¶8}    Finally, Appellant was ordered to pay restitution in the amount of Eight Thousand Seven Hundred Forty-Three and No/100 Dollars ($8,743.00) to Medicare CMIC; One Hundred Fifty-Eight and 99/100 Dollars ($158.99) to Auto Owners Insurance; Five Thousand Four Hundred Sixty-Six and 49/100 Dollars ($5,466.49) to Frank and Rachel Noll; and, Nine Hundred Ninety-One and 63/100 Dollars ($991.63) to Josh and Sherry Noll.

{¶9}    The Termination Judgment Entry was filed on February 8, 2010.

{¶10}  On October 8, 2010, Appellant filed a pro se Motion to Correct the Record in which he contended that his sentence was illegal and that he should have only been sentenced to three (3) years concurrent with related cases in Muskingum County, Ohio. Appellee contended the sentences were the result of a negotiated plea agreement.

{¶11}  On October 25, 2010, the trial court denied the Motion.

{¶12}  On October 20, 2011, Appellant filed a Petition for Redress of Injury and in the alternative, a civil suit against the State of Ohio, Perry County Prosecutor and Judge Linton Lewis.

**{¶13}** On December 9, 2011, Appellee filed its response arguing that Appellant's pleading was a Petition for Post Conviction Relief pursuant to RC. §2953.21, and that this pleading was barred by *State v. Szefcyk* (1996) 77 Ohio State 3d 93. Appellee further argued that Appellant failed to file the Petition pursuant to the statutes mandated by R.C. §2953.21(A)(2).

**{¶14}** On December 6, 2011, the trial court denied Appellant's Petition stating that it was not timely filed pursuant to R.C. §2953.23. No Appeal was taken from this judgment.

**{¶15}** On January 20, 2012, Appellant filed a new Motion to Vacate, Set Aside Count Fines and/or Restitution. In said Motion, Appellant alleged that he was not informed of the mandated requirements of R.C. §2947.23. Appellant also filed a Motion for Assignment of Counsel and Transcript at the State's Expense.

**{¶16}** On February 3, 2012, Appellee filed its Memorandum Contra.

**{¶17}** On May 2, 2012, with respect to Appellant's Motion filed on January 20, 2012, the trial court appointed counsel for Appellant.

**{¶18}** On September 5, 2012, Appellant filed a new Motion to correct unauthorized sentence raising the argument of Merger of Allied Offenses pursuant to R.C. §2945.25.

**{¶19}** On July 26, 2013, a Motion for Transcript of Sentencing Hearing was filed on behalf of Appellant. This Motion was denied on August 20, 2013.

**{¶20}** On September 5, 2013, Appellant filed a new pro se Motion to Correct Unauthorized Sentence pursuant to R.C. §2941.25.

**{¶21}** On September 6, 2013, Appellant, through counsel, filed a Motion to supplement Appellant's Pro Se Motion. A Supplemental Memorandum was filed pertaining to payment of costs pursuant to R.C. §2947.23.

**{¶22}** On October 20, 2013, the trial court denied the Motion to Correct the Unauthorized Sentence pursuant to R.C. §2941.25.

**{¶23}** On October 29, 2013, Appellant filed a pro se Motion to run the Muskingum County and Perry County sentences concurrent. This Motion was denied by the trial court on October 31, 2013.

**{¶24}** On November 21, 2013, a re-sentencing hearing was held on the Motion of Appellant filed on January 20, 2012, requesting the Sentencing Entry be vacated, set aside or suspend court costs, fine or restitution. The trial court denied the Motion as to restitution and re-imposed sentence with Notice given to Appellant pursuant to R.C. §2947.23. This Journal Entry was filed on December 17, 2013.

**{¶25}** Appellant now appeals, assigning the following sole error for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶26}** "I. THE COURT ERRED ORDERING APPELLANT TO PAY COURT COSTS."

**I.**

**{¶27}** Appellant, in his sole Assignment of Error, argues that the trial court's imposition of court costs in this matter was an abuse of discretion. We disagree.

**{¶28}** "Ohio law does not forbid a trial court from imposing court costs on an indigent defendant convicted of a felony." *State v. Pasqualone,* 140 Ohio App.3d 650, 748 N.E.2d 1153, 1158, at footnote 4, quoting *State v. Payne* (Dec. 20, 1999), Delaware

App. Nos. 99CAA05024, 99CAA05025, 99CAA05026, 99CAA05027, and 99CAA05028, 2000 WL 1405, unreported. *See also, State v. Threatt, supra*. Further, while R.C. 2949.092 allows a trial court to waive payment of court costs for indigent defendants under certain circumstances, it is not required to do so. See *State v. White,* supra."

**{¶29}** R.C. 2947.23 provides:

**{¶30}** "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid." 1953 H.B. No. 1.

**{¶31}** Upon review, we find the trial court did not abuse its discretion by denying Appellant's request for waiver without a hearing. A trial court is required by R.C. 2947.23 to impose court costs against all convicted defendants, even those who are indigent. *State v. Lux,* 2d Dist. Miami No. 2010 CA 30, 2012–Ohio–112, ¶ 46, citing *State v. White,* 103 Ohio St.3d 580, 2004–Ohio–5989, 817 N.E.2d 393, ¶ 8. But a trial court may waive the payment of costs. *State v. Lux,* ¶ 46, citing *State v. Joseph,* 125 Ohio St.3d 76, 2010–Ohio–954, 926 N.E.2d 278, ¶ 11. A trial court has no duty to waive court costs; it has discretion whether to do so, and R.C. 2949.092 does not provide standards for the exercise of that discretion. *Lux,* at ¶ 47.

**{¶32}** Appellant's sole Assignment of Error is overruled.

**{¶33}** For the foregoing reasons, the judgment of the Court of Common Pleas, Perry County, Ohio, is affirmed.


By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.


JWW/d 0630