[Cite as *State v. Stoutamire*, 2014-Ohio-5769.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0107** |
| DWAYNE A. STOUTAMIRE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 07 CR 148.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Dwayne A. Stoutamire,* pro se, PID: A532253, Toledo Correctional Institution, 2001 East Central Avenue, P.O. Box 80033, Toledo, OH 43608 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Dwayne A. Stoutamire appeals from the judgment entry of the Trumbull County Court of Common Pleas, denying his request for a resentencing hearing regarding community service and his motion for alternative payment of court costs. In this current appeal Mr. Stoutamire raises the issue the trial court failed to notify him at sentencing that he could be required to perform community service if his court costs

were not satisfied when he is released from prison. He also alleges the trial court abused its discretion in denying his motion to waive court costs.

{¶2} We find the judgment appealed is not a final appealable order, and that we lack jurisdiction. We further find the instant appeal barred by res judicata, as Mr. Stoutamire previously had an opportunity to raise these issues at the trial level and during the direct appeal of his convictions and sentence. Therefore, we affirm the decision of the trial court.

{¶3} In March of 2007, Mr. Stoutamire was indicted on one count of attempted murder with a firearm specification, two counts of having a weapon under a disability, one count of felonious assault with a firearm specification, one count of abduction with a firearm specification, and one count of aggravated robbery with a firearm specification. The six counts stemmed from two separate incidents, involving two separate victims. Except for the attempted murder charge and attendant specification, Mr. Stoutamire was convicted by a jury of all counts and specifications in May of 2007. The trial court sentenced him to an aggregate term of 34 years of incarceration.

{¶4} Mr. Stoutamire filed a timely appeal of his convictions and sentence. He raised five assignments of error, none relating to the issues at hand. This court affirmed his conviction in June of 2008. For a comprehensive recitation of the facts leading to Mr. Stoutamire's conviction and this court's reasons for upholding the verdict and sentence, the reader is referred to *State v. Stoutamire*, 11th Dist. Trumbull No. 2007-T-0089, 2008-Ohio-2916 ("*Stoutamire I*"). Mr. Stoutamire then sought post-conviction relief; he did not raise the issues subject of this appeal in his petition. The trial court granted the state's summary judgment motion regarding the petition in September of

2008. Mr. Stoutamire appealed that judgment, which this court affirmed in *State v. Stoutamire*, 11th Dist. Trumbull No. 2008-T-0108, 2009-Ohio-6228 ("*Stoutamire II*").

**{¶5}** While his appeal of the first post-conviction petition was pending before this court, Mr. Stoutamire filed a second petition for post-conviction relief in March of 2009. Upon motion of the state, the trial court dismissed the second petition in June of 2009. Mr. Stoutamire appealed the trial court's dismissal of the second petition, which this court affirmed in *State v. Stoutamire*, 11th Dist. Trumbull No. 2009-T-0073, 2010-Ohio-1166 ("*Stoutamire III*"). None of the issues subject of this appeal was raised in the second petition, or the appeal from its dismissal.

**{¶6}** In January of 2011, Mr. Stoutamire filed a motion for resentencing with the trial court, arguing his sentence did not comply with the post-release control statute, R.C. 2967.28. The trial court agreed that "the oral sentencing colloquy and written Entry on Sentence do not reflect the proper imposition of post-release control," and scheduled a hearing by video conference on the matter. During the hearing, Mr. Stoutamire made an oral motion to be resentenced, which the trial court overruled. September 6, 2011, the trial court issued a "Nunc Pro Tunc Entry to Correct Sentence," clarifying that Mr. Stoutamire would be subject to a mandatory period of post-release control of five years on the robbery count and three years on the assault count, and a discretionary period of post-release control of three years on the weapons and abduction counts. No other changes were made to the sentence.

**{¶7}** Mr. Stoutamire appealed, and attempted to raise the issue of allied offenses and merger. However, neither of the issues subject to this appeal was raised. This court held any errors regarding allied offenses and merger were barred by res

3

judicata and affirmed the trial court's decision in *State v. Stoutamire*, 11th Dist. Trumbull No. 2011-T-0089, 2012-Ohio-1677 ("*Stoutamire IV*").

{¶8} Presently, Mr. Stoutamire appeals the trial court's denial of his request for a resentencing hearing regarding community service and his motion for alternative payment of court costs. We note that Mr. Stoutamire's brief does not comply with the rules for a brief set forth in App.R. 16(A). It does not include a table of contents, a table of cases, a statement of assignments of error or references to the record. Under App.R. 12(A)(2), we are not required to address issues not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996). These deficiencies alone permit us to dismiss the appeal.

{¶9} Further, we find the appealed judgment is not a final appealable order subject to review.

{¶10} According to Article IV, Section 3(B)(2), Ohio Constitution, an appellate court may review only the *final orders* of inferior courts within its district.

{¶11} "The term 'final order' is defined within R.C. 2505.02 where three categories of final orders exist: (1) those that affect a substantial right, determine an action, and prevent a judgment, (2) those that affect a substantial right and are made in a special proceeding or on a summary application after judgment, and (3) those that set aside a judgment and grant a new trial." *State v. Pasqualone*, 140 Ohio App.3d 650, 654 (11th Dist.2000).

{¶12} Pursuant to R.C. 2505.02(A)(1), a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." The trial court's failure to inform

4

Mr. Stoutamire that community service might be required in the future to cover unpaid court costs is not a violation of a substantial right. *State v. Jackson*, 10th Dist. Franklin Nos. 12AP-768 and 12AP-769, 2013-Ohio-1152, ¶17. And this court, along with others, has held the denial of a post-conviction motion to suspend court costs does not affect a substantial right and is not a final appealable order. *Pasqualone*, *supra*; *State v. Evans*, 4th Dist. Scioto No. 99CA2650, 1999 Ohio App. LEXIS 4331 (Sept. 14, 1999); *State v. Shinkle*, 27 Ohio App.3d 54 (12th Dist.1986). It is well-settled that a final appealable order is required before there can be a basis for an appeal. *Pasqualone*, *supra*, at 655. "'[I]f there is no final judgment or other type of final order, then there is no reviewable decision over which an appellate court can exercise jurisdiction, and the matter must be dismissed.'" *Id.*, quoting *BCGS, L.L.C. v. Raab*, 11th Dist. Lake No. 98-L-041, 1998 Ohio App. LEXIS 6584, *3-4 (July 17, 1998).

{¶13} Based on the foregoing, we conclude the judgment of the trial court denying Mr. Stoutamire's request for a resentencing hearing regarding potential community service and his motion for alternative payment of court costs is not a final appealable order under R.C. 2505.02, and accordingly, we dismiss Mr. Stoutamire's appeal for lack of jurisdiction.

{¶14} Assuming, *arguendo*, the trial court's decision was a final appealable order, Mr. Stoutamire's claims are still barred by res judicata. Under res judicata, a final judgment of conviction bars a defendant from raising any defense or any claimed lack of due process that was or could have been raised at the trial resulting in the judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

5

**{¶15}** The Supreme Court of Ohio has held that because a trial court must inform a defendant at sentencing that he or she may be subject to community service for failure to pay court costs, the time to appeal a trial court's failure to so advise runs from the date of sentencing. *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, ¶10, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, paragraph three of the syllabus. This holding applies to defendants, like Mr. Stoutamire, who were sentenced prior to the court's decision in *Smith*. *State v. Haynie*, 3rd Dist. Marion No. 9-13-18, 2013-Ohio-3777, ¶9. Mr. Stoutamire never raised the issue of the trial court's failure to inform him that he might be subject to community service for failure to pay court costs in any of his prior appeals.

**{¶16}** Regarding the motion for alternative payment of court costs, this court held in *Pasqualone*, *supra*, at 658, that when a defendant could have raised cost issues on direct appeal, but fails to do so, the defendant is barred by res judicata from raising the issue in a later appeal from the trial court's denial of his motion dealing with court costs. Again, Mr. Stoutamire never raised the issue of court costs in any prior appeal.

**{¶17}** We dismiss the appeal for lack of a final appealable order.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.