OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Jamal D. Strickland, appeals the judgment entered by the Trumbull County Court of Common Pleas. Upon remand from this court, the trial court sentenced Strickland to an aggregate prison term of 19 years for his convictions for aggravated robbery, kidnapping, felonious assault, and tampering with evidence.
 {¶ 2} On April 13, 2004, Strickland robbed an adult bookstore in Niles, Ohio and assaulted the store clerk. As a result, Strickland was indicted on six counts. Count 1 of *Page 2 
the indictment charged Strickland with aggravated robbery, in violation of R.C. 2911.01(A)(1) and/or (3) and (C), a first-degree felony. Count 2 of the indictment charged Strickland with aggravated burglary, in violation of R.C. 2911.11(A)(1) and/or (2) and (B), a first-degree felony. Count 3 of the indictment charged Strickland with kidnapping, in violation of R.C. 2905.01(A)(2) and/or (3) and (C), a first-degree felony. Count 4 of the indictment charged Strickland with felonious assault, in violation of R.C. 2903.11(A)(1) and (D), a second-degree felony. Count 5 of the indictment charged Strickland with felonious assault, in violation of R.C. 2903.11(A)(2) and (D), a second-degree felony. Count 6 of the indictment charged Strickland with tampering with evidence, in violation of R.C. 2921.12(A)(1) and (B), a third-degree felony.
 {¶ 3} Prior to trial, upon request of the state, the trial court dismissed Count 5 of the indictment. Thereafter, Count 6 of the indictment, tampering with evidence, was renumbered as count 5.
 {¶ 4} Strickland pled not guilty to all of the charges against him, and a jury trial was held. The jury found Strickland guilty on all five counts. After the jury returned its verdict, Strickland moved for acquittal pursuant to Crim.R. 29(C), with respect to count two, aggravated burglary. Also, Strickland moved for a new trial. The trial court denied Strickland's motion for a new trial, but granted his motion for acquittal relating to count two. Prior to the sentencing hearing, the trial court merged Strickland's conviction on count four, felonious assault, with his conviction on count one, aggravated robbery, for purposes of sentencing.
 {¶ 5} The trial court sentenced Strickland to a nine-year prison term for his conviction on count one, aggravated robbery; a nine-year prison term for his conviction *Page 3 
on count three, kidnapping; and a one-year prison term for his conviction on count five, tampering with evidence. The trial court ordered Strickland's sentences to be served consecutively to each other. Thus, Strickland's aggregate prison sentence was 19 years.
 {¶ 6} Strickland appealed his conviction and sentence to this court. See State v. Strickland, 11th Dist. No. 2005-T-0002, 2006-Ohio-2498. On appeal, this court affirmed Strickland's convictions. Id. at ¶ 39. However, this court reversed the trial court's judgment entry regarding Strickland's sentence and remanded the matter to the trial court for a resentencing hearing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Id.
 {¶ 7} In August 2006, the trial court conducted a resentencing hearing. Strickland personally appeared at this hearing, with counsel. The trial court sentenced Strickland to an identical 19-year prison term. Strickland has appealed the trial court's resentencing judgment entry.
 {¶ 8} Strickland raises three assignments of error. His first assignment of error is:
 {¶ 9} "The trial court erred by failing to conduct a de novo resentencing hearing."
 {¶ 10} Initially, we note that a de novo resentencing hearing did occur. At the resentencing hearing, Strickland's counsel did not offer any evidence. Moreover, Strickland personally declined the trial court's invitation to address the court.
 {¶ 11} Strickland argues that the trial court erred by failing to make any findings at the resentencing hearing to justify the imposition of its sentence. We disagree. *Page 4 
 {¶ 12} In State v. Foster, the Supreme Court of Ohio severed the former statutory sections requiring judicial fact-finding prior to the imposition of more-than-the-minimum, maximum, or consecutive sentences.State v. Foster, supra, at paragraphs two and four of the syllabus. Following severance, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Since the trial court was not required to make findings prior to imposing more-than-the-minimum or consecutive sentences, it did not err by not making such findings.
 {¶ 13} R.C. 2929.12 is a "general guidance statute," which was not affected by the Foster decision. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at ¶ 36-42. See, also, State v. Lloyd, 11th Dist. No. 2005-L-146, 2006-Ohio-6534, at ¶ 17-18. While the trial court is required to consider the R.C. 2929.12 factors, "the court is not required to `use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12.]'" State v.Webb, 11th Dist. No. 2003-L-078, 2004-Ohio-4198, at ¶ 10, quotingState v. Arnett (2000), 88 Ohio St.3d 208, 215. In this matter, the trial court indicated that it considered the purposes and principles of sentencing and the seriousness and recidivism factors, R.C. 2929.11 and2929.12, both at the resentencing hearing and in its resentencing judgment entry.
 {¶ 14} The record affirmatively demonstrates that the trial court conducted a de novo resentencing hearing. In addition, the trial court was not required to make findings on the record at the resentencing hearing to support its sentence. *Page 5 
 {¶ 15} Strickland's first assignment of error is without merit.
 {¶ 16} Strickland's second and third assignments of error are:
 {¶ 17} "[2.] Appellant's resentencing violates his right to due process and against the ex post facto application of the law, asState v. Foster subjected appellant to an effective raise in the presumptive sentences.
 {¶ 18} "[3.] Appellant's resentencing, pursuant to State v.Foster, violates his right to due process through the deprivation of a liberty interest, as it subjected appellant to an effective raise in presumptive sentences."
 {¶ l9} In his second and third assignments of error, Strickland asserts his sentence is unconstitutional, because he committed his crimes prior to the Supreme Court of Ohio's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, but was sentenced pursuant to the post-Foster version of R.C. 2929.14. This court has addressed Strickland's exact arguments in the case of State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. In State v. Elswick, this court found the identical arguments that are raised in this appeal to be without merit. Id. at ¶ 5-31. See, also, State v. Marino, 11th Dist. No. 2006-L-192, 2007-Ohio-2566, at ¶ 8-14; State v. Nicholson, 11th Dist. No. 2006-L-210, 2007-Ohio-2058, at ¶ 5-11; and State v. Schaub, 11th Dist. No. 2006-L-126, 2007-Ohio-2853, at ¶ 10-17. In addition, inState v. Green, this court found a similar post-Foster Ex Post Facto Clause argument to be without merit. State v. Green, 11th Dist. Nos. 2005-A-0069 2005-A-0070, 2006-Ohio-6695, at ¶ 15-23. Finally, similar arguments have "been consistently rejected by other Ohio appellate districts and federal courts." State v. Markiewicz, 11th Dist. No. 2006-L-249, 2007-Ohio-3974, at ¶ 12, citing State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899, *Page 6 
at ¶ 15-18; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 7-12; and United States v. Portillo-Quezada (C.A.10, 2006),469 F.3d 1345, 1354-1356.
 {¶ 20} Based upon the prior authority of this and other courts, Strickland's second and third assignments of error are without merit.
 {¶ 21} The judgment of the trial court is affirmed.
 DIANE V. GRENDELL, P.J., COLLEEN MARY OTOOLE, J., concur. *Page 1