[Cite as *State v. Goodman*, 2014-Ohio-4884.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2014-T-0047** |
| - vs - | : | |
| MICHAEL H. GOODMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 04 CR 804.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael H. Goodman,* pro se, PID: A520-070, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Michael H. Goodman appeals from the judgment entry of the Trumbull County Court of Common Pleas, denying his motion to establish a payment plan for court costs. Finding ourselves without jurisdiction, we dismiss the appeal.

{¶2} In August 2006, Mr. Goodman was found guilty by a jury of numerous crimes relating to a robbery spree he undertook in November 2004 to fuel his drug addiction. *See, e.g.*, *State v. Goodman*, 11th Dist. Trumbull No. 2006-T-0130, 2007-

Ohio-6252, ¶1, 15 ("*Goodman* I") . The trial court sentenced him to a total term of imprisonment of thirty-four and one-half years. *Id.* at ¶15. As part of its judgment entry of sentence, the trial court entered judgment in an unspecified amount against Mr. Goodman for the costs of prosecution. Mr. Goodman appealed, and this court affirmed. *Id.* at ¶71. Mr. Goodman did not raise the issue of court costs on direct appeal. The Supreme Court of Ohio declined jurisdiction. *State v. Goodman*, 117 Ohio St.3d 1477, 2008-Ohio-1841.

{¶3} In April 2009, Mr. Goodman filed a motion to vacate his sentence and conviction. *State v. Goodman*, 11th Dist. Trumbull No. 2009-T-0068, 2010-Ohio-407, ¶1, 3 ("*Goodman* II"). In June 2009, the trial court denied the motion. *Id.* at ¶4-7. Mr. Goodman appealed. *Id.* at ¶8. Treating the underlying motion as a petition for postconviction relief, we affirmed the judgment of the trial court. *Id.* at ¶15, 29. The issue of court costs was not included in the petition.

{¶4} April 4, 2014, Mr. Goodman moved the trial court to establish a payment plan for his court costs. According to his motion, the state was not withdrawing any funds from his prison account to pay these costs, and he wished the court to order that five dollars per month be withdrawn. April 5, 2014, the trial court denied the motion. Mr. Goodman did not appeal.

{¶5} May 22, 2014, the trial court received a letter from Mr. Goodman, again requesting that court establish a payment plan for his court costs. The trial court construed the letter as a motion; filed it with the clerk; and, May 23, 2014, denied the motion on grounds of res judicata.

{¶6} Mr. Goodman timely noticed this appeal, assigning a single error: "The trial court abused its discretion by denial of granting a (sic) approved payment plan pursuant to Ohio Revised [Code] Section 2947.23(A)(1)(a) and (b). [I]n strict constitutional violation of equal protection provisions and due process of law governing notice and rights to redress property interests."

{¶7} Mr. Goodman presents three issues under this assignment of error:

{¶8} "1. Did appellant retain a statutory right for a court approved payment plan, upon timely motion for a payment plan approved order.

{¶9} "2. Does the trial court retain a mandated duty to treat each felony conviction to a payment plan on court cost, when not waived or suspended at original sentencing on each individual conviction and sentence regarding sanctions, penalties, or a combination of both.

{¶10} "3. Does denial to approve a payment plan by statutory construction create an unequal application of state and federal law."

{¶11} Mr. Goodman reasons as follows. Pursuant to R.C. 2947.23(A)(1)(a), a sentencing court is required to include the costs of prosecution as part of the sentence in a criminal case. R.C. 2947.23(A)(1)(a)(i) and (B) both refer to the sentencing court's power to set a payment schedule for court costs. As he notes, many trial courts throughout Ohio do order such payment plans. Consequently, he asserts his equal protection and due process rights are being violated by the trial court's failure to provide him with a payment plan. He further argues the doctrine of res judicata cannot apply to the trial court's denial of his second motion to establish a payment plan. He appears to rely on the 2012 amendment to R.C. 2947.23, creating new division (C), which states:

3

"The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." Mr. Goodman believes that since the trial court retains jurisdiction of court costs, res judicata provides no impediment to setting a court-ordered payment plan, even if one has not been in effect or has been previously denied.

{¶12} We disagree on each point.

{¶13} According to Article IV, Section 3(B)(2), an appellate court may review only the *final orders* of lower courts.

{¶14} "The term 'final order' is defined within R.C. 2505.02 where three categories of final orders exist: (1) those that affect a substantial right, determine an action, and prevent a judgment, (2) those that affect a substantial right and are made in a special proceeding or on a summary application after judgment, and (3) those that set aside a judgment and grant a new trial." *State v. Pasqualone*, 140 Ohio App.3d 650, 654 (11th Dist.2000).

{¶15} Pursuant to R.C. 2505.02(A)(1), Ohio Consititution, a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." This court, along with others, has held the denial of a postconviction motion to suspend court costs does not affect a substantial right and is not a final appealable order. *Pasqualone*, *supra*; *State v. Evans*, 4th Dist. Scioto No. 99CA2650, 1999 Ohio App. LEXIS 4331 (Sept. 14, 1999); *State v. Shinkle*, 27 Ohio App.3d 54 (12th Dist.1986). We see no reason to treat the denial of a postconviction motion to impose a payment plan for court costs any

4

differently. Nothing in R.C. 2947.23 indicates a trial court is mandated to provide such a plan.

{¶16} It is well-settled that a final appealable order is required before there can be a basis for an appeal. *Pasqualone*, *supra*, at 655. "'If there is no final judgment or other type of final order, then there is no reviewable decision over which an appellate court can exercise jurisdiction, and the matter must be dismissed.'" *Id.*, quoting *BCGS, L.L.C. v. Raab*, 11th Dist. Lake No. 98-L-041, 1998 Ohio App. LEXIS 6584, *3-4 (July 17, 1998).

{¶17} Based on the foregoing, we conclude the trial court's judgment in this case is not a final appealable order.

{¶18} Assuming, *arguendo*, the trial court's judgment is a final appealable order, Mr. Goodman's claim is still barred by res judicata, despite new R.C. 2947.23(C), giving the trial court continuing jurisdiction to modify the payment of court costs. Under res judicata, a final judgment of conviction bars a defendant from raising any defense or any claimed lack of due process that was or could have been raised at the trial resulting in the judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. In this case, Mr. Goodman initially moved the trial court for a payment plan April 4, 2014, and the trial court denied that motion the following day. Mr. Goodman did not appeal that judgment, but instead sent the trial court his letter on the same subject, which the court treated as a motion, and denied on grounds of res judicata. The instant appeal lies from that second motion, and second denial. The trial court could properly deny the second motion, relying on res judicata, since it sought precisely the same relief as the first, un-appealed denial.

5

{¶19}  The appeal is dismissed for lack of jurisdiction.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.