[Cite as *State v. Strickland*, 2014-Ohio-5622.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-T-0049** |
| JAMAL D. STRICKLAND, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 04 CR 232.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Jamal D. Strickland,* pro se, PID: A480-030, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Jamal D. Strickland, appeals from the judgment entry of the Trumbull County Court of Common Pleas, denying his motion to vacate payment of fines and/or court costs. For the following reasons, we dismiss the appeal for lack of jurisdiction.

{¶2} In the early morning hours of April 13, 2004, appellant robbed an adult bookstore in Niles, Ohio, and assaulted the store clerk. Appellant was brought to trial

on an amended indictment. The jury found him guilty on all counts: aggravated robbery, aggravated burglary, kidnapping, felonious assault, and tampering with evidence. However, the trial court granted appellant's motion for directed verdict of acquittal on the aggravated burglary charge.

{¶3} The trial court merged appellant's felonious assault conviction with his aggravated robbery conviction for purposes of sentencing. The trial court sentenced him to a nine-year prison term for aggravated robbery; a nine-year prison term for kidnapping; and a one-year prison term for tampering with evidence. The trial court ordered appellant's sentences to be served consecutively to each other for an aggregate prison sentence of 19 years. As part of its judgment entry of sentence, the trial court entered judgment against appellant in an unspecified amount for the costs of prosecution.

{¶4} In *State v. Strickland*, 11th Dist. Trumbull No. 2005-T-0002, 2006-Ohio-2498 ("*Strickland I*"), this court affirmed appellant's convictions, but reversed the trial court's judgment entry regarding his sentence and remanded the matter to the trial court for a resentencing hearing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. *Strickland I* at ¶39. Appellant did not raise the issue of court costs on direct appeal.

{¶5} The trial court conducted a de novo resentencing hearing and sentenced appellant to an identical 19-year term of incarceration. *State v. Strickland*, 11th Dist. Trumbull No. 2006-T-0104, 2008-Ohio-731 ("*Strickland II*"), ¶1. As part of its judgment entry of sentence, the trial court again entered judgment in an unspecified amount against appellant for the costs of prosecution.

2

{¶6} Appellant again appealed. In *Strickland II*, this court rejected the argument that the trial court erred by failing to make any findings at the resentencing hearing to justify the imposition of its sentence. *Id.* at ¶14. Appellant did not raise the issue of court costs in this appeal.

{¶7} On February 8, 2011, appellant moved the trial court for approval of a payment plan for his court costs. According to his motion, appellant argued he was indigent and could only afford the withdrawal of $8.00 per month from his prison account to cover these costs. The trial court denied this motion on March 30, 2011, stating that the clerk of courts is receiving adequate payments and that appellant had not proven he is indigent.

{¶8} Appellant subsequently filed a pro se motion for sentencing relief on July 20, 2011, arguing the charges in his prison sentence should have merged. *State v. Strickland*, 11th Dist. Trumbull No. 2012-T-0009, 2012-Ohio-5125, ¶6. The trial court denied the motion, finding appellant's arguments were barred by the doctrine of res judicata. *Id.* Appellant appealed from this denial, and this court affirmed the trial court's decision based on res judicata. *Id.* at ¶14-15. Appellant did not raise the issue of court costs in this appeal.

{¶9} On May 22, 2014, appellant filed a motion to vacate payment of fines and/or court costs, which the trial court denied without a hearing on the same date. In his motion, appellant raised two arguments: (1) that he is indigent and cannot afford to pay the court costs; and (2) that the trial court failed to inform him at the time of sentencing, pursuant to R.C. 2947.23, that if he fails to pay court costs he may be ordered to perform community service.

3

**{¶10}** Appellant timely noticed this appeal, assigning a single error:

**{¶11}** "Appellant contends the trial court erred and abused its discretion when it failed to notify him pursuant to R.C. 2947.23(A)(1) that if he failed to pay court costs, the trial court could require him to perform community service."

**{¶12}** Appellant asserts that because the trial court failed to comply with the mandatory requirements of R.C. 2947.23(A)(1), this court should either "vacate [our] prior judgment" or "enter judgment and reverse Appellant's conviction and remand the matter[.]" We disagree.

**{¶13}** Pursuant to Article IV, Section 3(B)(2) of the Ohio Constitution, courts of appeals have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

**{¶14}** The term "final order" is defined within R.C. 2505.02(B) and includes seven categories of final orders. Only the first two categories of orders are relevant to the instant matter: "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B). Pursuant to R.C. 2505.02(A)(1), a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."

4

{¶15} "An order denying a motion to suspend court costs, fines, and/or restitution does not affect a substantial right because there is no legally enforceable right to have these monetary assessments suspended." *State v. Evans*, 4th Dist. Scioto No. 99CA2650, 1999 Ohio App. LEXIS 4331, *2 (Sept. 14, 1999), citing R.C. 2949.09, et seq. Accordingly, this court, along with others, has held the denial of a postconviction motion to vacate court costs does not affect a substantial right and is not a final, appealable order. *Evans*, *supra*; *State v. Pasqualone*, 140 Ohio App.3d 650 (11th Dist.2000); *State v. Arnett*, 3rd Dist. Shelby No. 17-95-25, 1996 Ohio App. LEXIS 996; *see also State v. Goodman*, 11th Dist. Trumbull No. 2014-T-0047, 2014-Ohio-4884 (holding the denial of a postconviction motion to impose a payment plan for court costs is not a final, appealable order).

{¶16} Based on the foregoing, we conclude the trial court's judgment in this case is not a final, appealable order.

{¶17} It is well settled that a final, appealable order is required before there can be a basis for an appeal. *Pasqualone*, *supra*, at 655; *Goodman*, *supra*, at ¶16. "'If there is no final judgment or other type of final order, then there is no reviewable decision over which an appellate court can exercise jurisdiction, and the matter must be dismissed.'" *Pasqualone* at 655, quoting *BCGS, L.L.C. v. Raab*, 11th Dist. Lake No. 98-L-041, 1998 Ohio App. LEXIS 6584, *3-4 (July 17, 1998).

{¶18} Assuming, arguendo, the trial court's judgment is a final, appealable order, appellant's claim is still barred by res judicata, despite R.C. 2947.23(A)(1) requiring the trial court to notify a defendant that community service may be imposed if he or she fails to pay court costs. *See generally State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781.

5

Under the doctrine of res judicata, a final judgment of conviction bars a defendant from raising any defense or any claimed lack of due process that was or could have been raised at the trial that resulted in the judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶19} The error appellant assigns arises from the trial court's sentencing entry, which imposed the court costs obligation. Numerous Ohio courts have recognized that this error could have been raised in a direct appeal to an appellate court. *See Pasqualone*, *supra*, at 657-658 (collecting cases). Although appellant could have raised the issue of court costs in his direct or subsequent appeals, he failed to do so. Accordingly, even if the order was final and appealable, appellant's argument would be barred by the doctrine of res judicata.

{¶20} The appeal is dismissed for lack of jurisdiction.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.