[Cite as *State v. Miller*, 2015-Ohio-2986.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0022** |
| WILLIAM R. MILLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 09 CR 148.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*William R. Miller*, pro se, PID: A580-970, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, OH 44430-0901 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} On March 13, 2015, appellee, the state of Ohio, filed a motion to dismiss appellant's appeal for want of a final appealable order. Appellant, William R. Miller, filed a response to the state's motion to dismiss the instant appeal. Based on the following, we grant appellee's motion to dismiss the appeal based on a lack of a final, appealable order.

{¶2} Appellant filed a notice of appeal from the trial court's denial of his motion for production of the record/trial transcript at the state's expense. The transcripts pertained to criminal case No. 2009-CR-148, wherein appellant was convicted of rape and kidnapping with a repeat violent offender specification. Appellant filed a direct appeal, and on November 24, 2010, this court affirmed appellant's convictions. *State v. Miller*, 11th Dist. Trumbull No. 2010-T-0018, 2010-Ohio-5795.

{¶3} "Pursuant to Article IV, Section 3(B)(2) of the Ohio Constitution, courts of appeals have jurisdiction only to 'affirm, modify or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district.'" *State v. Strickland*, 11th Dist. Trumbull No. 2014-T-0049, 2014-Ohio-5622, ¶13. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶4} Pursuant to R.C. 2505.02(B), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it * * * affects a substantial right in an action that in effect determines the actions and prevents a judgment." A substantial right is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protest." R.C. 2505.02(A)(1).

{¶5} Here, appellant was not entitled to a transcript because the transcript has already been filed in his direct appeal to this court. *State ex rel. Grove v. Nadel*, 81 Ohio St. 3d 325, 326 (1998). Although appellant maintains that he is an indigent defendant, and thus, entitled to his transcript, "[o]nly one copy of a transcript of a

2

criminal trial need be provided to an indigent criminal defendant." *State ex. rel Call v. Zimmers*, 85 Ohio St. 3d 367, 368 (1999).  Further, "[t]he right of an indigent prisoner to relevant portions of a transcript is limited to *pending* actions."  *Id.*  (Emphasis sic.)  Here, appellant does not have a pending case; he is requesting his transcript in anticipation of filing a petition for post-conviction relief.

{¶6}   Based on the above, we are without jurisdiction to review the trial court's decision, and the instant appeal is dismissed for lack of a final, appealable order.

{¶7}   All pending motions are hereby overruled as moot.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.