[Cite as *State v. McGlown*, 2021-Ohio-334.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-20-1100

    Appellee                                          Trial Court No. CR0200503412

v.

Ennie Ray McGlown, Jr.                        **DECISION AND JUDGMENT**

    Appellant                                         Decided:  February 5, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Ennie Ray McGlown, Jr., pro se.

* * * * *

**ZMUDA, P.J.**

{¶ 1} This matter is a pro se accelerated appeal of the judgment of the Lucas County Court of Common Pleas, denying a motion for transcripts at the state's expense. Finding no abuse of discretion by the trial court, we affirm.

{¶ 2} Appellant, Ennie Ray McGlown, Jr. is currently serving an aggregate prison term of 36 years. In 2007, a jury found appellant guilty of one count of gross sexual imposition and six counts of rape. The trial court sentenced appellant to a three-year term on the gross sexual imposition offense, and a six-year term on each of the rape offenses, with the three-year term running concurrent to a rape term, and the six, six-year rape terms running consecutively to each other. The trial court also classified appellant as a sexually-oriented offender. The original sentencing entry stated that appellant "was found guilty" and also indicated that appellant was "given notice of * * * post release control notice under R.C. 2929.19(B)(3)[1] and R.C. 2967.28."

{¶ 3} Appellant challenged his conviction by direct appeal, raising error related to expert and police testimony, and arguing prosecutorial misconduct in closing argument. No sentencing error was asserted in the direct appeal, and although the record demonstrated transcripts filed for all hearing dates but the sentencing hearing, no party requested the sentencing hearing transcript to remedy the omission. We affirmed the conviction in appellant's direct appeal in *State v. McGlown*, 6th Dist. Lucas No. L-07-1163, 2009-Ohio-2160.

{¶ 4} Appellant raised error regarding his conviction and sentence in numerous other filings. While his direct appeal remained pending, appellant filed a motion

---

[1] Under the current version of R.C. 2929.19, notice of postrelease control is referenced at sections (B)(2)(e) and (f).

seeking to set aside his conviction as void, pursuant to *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, arguing the indictment failed to charge "a mens rea element upon the Defendant." The trial court did not rule on the motion.

{¶ 5} Months later, on March 12, 2010, appellant filed a motion with the trial court, requesting entry of a "final judgment," pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 and Crim.R. 32(C). Appellant argued that the sentencing entry did not state the manner of conviction, and failed to include notification of postrelease control terms. On September 16, 2010, the trial court entered a nunc pro tunc judgment entry, specifying the manner of conviction as a guilty determination by a jury.

{¶ 6} Appellant filed an appeal from the nunc pro tunc judgment entry. The state asserted a cross-appeal, raising issues relative to the nunc pro tunc entry, and application of the correct sexual offender classification law. After noting the issues raised, we dismissed the appeal for lack of jurisdiction. As to the sentencing hearing, we noted the lack of a transcript, as well as the failure of the parties to remedy the omission in the direct appeal. *State v. McGlown*, 6th Dist. Lucas No. L-10-1298, 2012-Ohio-4493, ¶ 11, fn. 1.

{¶ 7} On February 13, 2019, appellant filed a second motion for a final appealable order, arguing the trial court failed to include notice regarding postrelease control. On May 17, 2019, the trial court denied the motion, but noted the same issue raised by appellant was also pending in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913,

3.

159 N.E.3d 248. The trial court granted appellant leave to renew his motion upon the issuance of the decision in *Harper*. Appellant did not renew his motion.

{¶ 8} On April 27, 2020, appellant filed correspondence in the trial court case, asserting a public record request pursuant to R.C. 149.43. Appellant specifically requested transcripts of an in-camera inspection on September 11, 2006, the judgment entry of the same in-camera inspection, a copy of his motion for new trial filed March 20, 2007, the sentencing hearing transcript of April 19, 2007, the trial court's records retention schedule, the trial court's public records policy, and the trial court's oath of office. While there is no record of any response to this "request" in the trial court's docket, we noted in a subsequent mandamus action that the clerk had provided all documents within his possession, and dismissed that action. *See State ex rel. McGlown v. Bernie Quilter, Clerk of Court*, 6th Dist. Lucas No. L-20-1101, 2020-Ohio-6659.

{¶ 9} On April 30, 2020, appellant filed a motion for production of the sentencing hearing transcript of April 19, 2007, at the state's expense, prepared for the trial court for the sentencing hearing.[2] The state opposed the request for transcripts, arguing appellant had no pending appeal or pending petition seeking postconviction relief, and as transcripts were prepared and filed in his direct appeal, the state had no further obligation to provide a second transcript. On May 21, 2020, the trial court denied the motion for transcripts.

---

[2] The motion also sought production a copy of a diagnostic report, prepared for the trial court prior to sentencing. Appellant does not raise this issue on appeal.

{¶ 10} On June 2, 2020, after the trial court had ruled, appellant filed a response to the state's opposition, indicating no transcript for the April 19, 2007 sentencing hearing was prepared and filed with his direct appeal. He further argued that his appellate counsel was ineffective in failing to ensure that transcripts of the sentencing hearing were part of the record in his direct appeal. Appellant filed the present appeal, challenging the trial court's denial of his motion for sentencing transcripts.

{¶ 11} Appellant also filed a mandamus action against the trial court, seeking production of the sentencing hearing transcript. Noting the present appeal, we dismissed the mandamus action. *State ex rel. McGlown v. Myron C. Duhart*, 6th Dist. Lucas No. L-20-1124 (Aug. 18, 2020).

{¶ 12} Appellant asserts a single assignment of error in this appeal:

The judge abused his/her discretion when he/she failed to grant

Appellant's motion for production of transcripts at state's expense.

{¶ 13} The appellee, the state of Ohio, argues the trial court's denial of the motion for transcripts does not constitute a final, appealable order, requiring dismissal of the present appeal. In the alternative, the state argues the trial court did not abuse its discretion in denying the request, filed 11 years after we affirmed in the direct appeal, eight years after the trial court entered the nunc pro tunc entry, and more than a year after the trial court denied the most recent motion for a final, appealable sentencing entry.

{¶ 14} There is disagreement whether a denial of a motion for transcripts at state expense constitutes a final, appealable order. The Second District Court of Appeals

5.

addressed this conflict in *State v. Taylor*, 2d Dist. Montgomery No. 26327, 2016-Ohio-1100, noting the Seventh and Eleventh District Courts of Appeal determined the denial of a request was not final and appealable where no appeal or postconviction proceeding was pending at the time of the request. *Taylor* at ¶ 10, citing *State v. Jones*, 7th Dist. Mahoning No. 14-MA-46, 2015-Ohio-1707; *State v. Miller*, 11th Dist. Trumbull No. 2015-T-0022, 2015-Ohio-2986. The Second District concluded such denials did constitute final, appealable orders, with the Eighth and Tenth District Courts of Appeal in agreement. *Taylor* at ¶ 11, citing *State v. Clark*, 2d Dist. Greene No. 97 CA 27, 1998 WL 321007, *5 (June 19, 1998); *State v. Hatfield*, 10th Dist. Franklin No. 11AP-1045, 2012-Ohio-3473, ¶ 5, citing *Clark*; and *State v. Majid*, 8th Dist. Cuyahoga No. 102154, 2015-Ohio-2406, ¶ 4, citing *Clark*.

{¶ 15} The Second District also noted a third line of authority, in which "appellate courts have simply ruled on appeals without considering whether the trial court's decision denying a request for a transcript was a final appealable order." *Taylor* at ¶ 12, citing *State v. Buder*, 6th Dist. Wood No. WD-11-036, 2012-Ohio-386, *State v. Bayles*, 8th Dist. Cuyahoga No. 88094, 2007-Ohio-1008; *State v. Walker*, 4th Dist. Lawrence No. 04CA16, 2005-Ohio-1584; *State v. McKinstry*, 9th Dist. Summit No. 16540, 1994 WL 119370, *1 (Apr. 6, 1994).

{¶ 16} In *State v. Buder*, 6th Dist. Wood No. WD-11-036, 2012-Ohio-386, we affirmed the trial court's denial of transcripts, without considering whether such denial constituted a final, appealable order. In that case, the appellant had never pursued a

6.

direct appeal, and no motion for delayed appeal was pending at the time he sought transcripts at public expense. *Buder* at ¶ 4. We noted a right to a transcript at public expense arises only if the defendant "has a right to a direct appeal, has been granted leave to file a delayed appeal, or has sought postconviction relief." *Id.*, citing *State ex rel. Partee v. McMahon*, 175 Ohio St. 243, 248, 193 N.E.2d 266 (1963). These limited rights are well-settled law. *See State v. Hewitt*, 5th Dist. Stark No. 2016CA000067, 2016-Ohio-5762, ¶ 16, citing *State ex rel. Partee* at 248, 193 N.E.2d 266; *State ex rel. Catlino v. Clerk of Courts*, 9 Ohio St.2d 101, 224 N.E.2d 130 (1967); *State ex rel. Clark v. Marshall*, 63 Ohio St.2d 107, 406 N.E.2d 1128 (1980).

{¶ 17} Our appellate jurisdiction is limited to final appealable orders. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 545, 684 N.E.2d 72 (1997), citing R.C. 2505.03; *State ex rel. Wright v. Ohio Adult Parole Auth.*, 75 Ohio St.3d 82, 84, 661 N.E.2d 728 (1996). Pursuant to R.C. 2505.02(B), a final, appealable order includes an order that affects a substantial right. A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A postconviction relief petition, pursuant to R.C. 2953.21 or 2951.23, or application to reopen, pursuant to App.R. 26(B), are possible because a statute or rule of procedure creates a right to proceed.

{¶ 18} Therefore, although previously left unsaid in *Buder*, we agree with the Second District Court of Appeals which held that, regardless of whether the appellant

7.

actually has the right in a particular case, the denial of a request for transcripts affects a substantial, legal right. (Citations omitted.) *Taylor* at ¶ 13. To hold otherwise would necessitate consideration of the merits of an appeal in order to make the jurisdictional determination, with jurisdiction only found where an appellant is likely to prevail on the merits. We either have jurisdiction to consider the merits of an appeal, or we do not, with that jurisdiction defined, in this instance, by the rights implicated within R.C. 2505.02.

{¶ 19} In considering the merits, in this case, we note that appellant had no postconviction proceeding and no application to reopen pending at the time he requested the transcript. Furthermore, appellant identified no particular challenge to his sentence, requiring reference to the sentencing transcript. Prior challenges, moreover, have attacked the conviction as void, and a recent decision by the Ohio Supreme Court forecloses such a challenge. *See State v. Henderson*, Slip Opinion No. 2020-Ohio-4784, ¶ 44 (a sentencing challenge must be asserted in the direct appeal or such challenge is deemed waived, even where the sentence is later determined to be unlawful).

{¶ 20} Without a pending matter, appellant is not entitled to a transcript at state's expense. Therefore, we find no merit in appellant's appeal, and find the trial court was within its discretion to deny the request. Accordingly, we find appellant's sole assignment of error not well-taken.

**Conclusion**

{¶ 21} We affirm the judgment of the Lucas County Court of Common Pleas, denying appellant's motion for transcripts. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____

Gene A. Zmuda, P.J.                     JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.